# EXHIBIT A

| | |
|---|---|
| EIGHTIETH JUDICIAL DISTRICT COURT<br>Arapahoe County Courthouse – Littleton<br>1790 West Littleton Blvd<br>Littleton, CO 80120 | DATE FILED: June 18, 2018 5:03 PM<br>FILING ID: C4195AC15BDBB<br>CASE NUMBER: 2018CV31436 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, individually and as subrogee of its insured, Columbine Country Club;<br><br>       Plaintiff,<br><br>  vs.<br><br>TEXTRON SPECIALIZED VEHICLES, INC., a Delaware corporation; TEXTRON, INC., a Delaware corporation; and DOES I-X, inclusive,<br><br>       Defendants. | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Division: |
| Kenneth W. Maxwell, #025817<br>BAUMAN, LOEWE, WITT & MAXWELL, PLLC<br>8765 East Bell Road, Suite 210<br>Scottsdale, Arizona  85260<br>Telephone:  (480) 502-4664<br>Facsimile:   (480) 502-4774<br>Email:  kmaxwell@blwmlawfirm.com<br><br>Attorneys for Plaintiff Philadelphia Indemnity Insurance Company | |
| **COMPLAINT FOR DAMAGES**<br>**(Negligence; Strict Products Liability)** | |

     COMES NOW Plaintiff PHILADELPHIA INDEMNITY INSURANCE COMPANY, individually and as subrogee of its insured, Columbine Country Club, against TEXTRON SPECIALIZED VEHICLES, INC., TEXTRON, INC. and DOES I-X, and each of them, and allege as follows:

## PARTIES

1. Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia" or "Plaintiff") is a foreign property and casualty insurance company authorized to conduct business and sell property and casualty insurance policies in the State of Colorado.

2. At all times relevant herein, Plaintiff's insured, Columbine Country Club (the "Columbine Country Club" or "Insured") was an organization operating a social and sports club in the City of Littleton, County of Arapahoe County, State of Colorado.

3. At all times relevant herein, Defendants Textron Specialized Vehicles, Inc. and Textron, Inc. (collectively "Textron"), a designer and manufacturer of E-Z-GO brand golf carts, were Delaware corporationa with its principle place of business in Georgia, and was placing products in and conducting business in the State of Colorado.

4. At all times herein mentioned, Defendants, and each of them, were the agents, servants and employees of their co-Defendants, and in doing the things herein alleged, were acting within the course and scope of such agency, service and employment.

5. DOES I-X, inclusive, are persons, partnerships, corporation, and/or associations subject to suit in a common name whose true identities are unknown and who may be responsible, in whole or in part, for the events and happenings referred to herein and legally caused the damages alleged by Plaintiff in this Complaint. Pursuant to Rule 9(a)(2) of the Colorado Rules of Civil Procedure, Plaintiff will seek to amend this Complaint to set forth the true names and capacities of any of these defendants when their identities become known to Plaintiff.

## JURISDICTION

6. Upon information and belief, the Defendants caused events to occur in the City of Littleton, County of Arapahoe, State of Colorado, as hereinafter alleged, and are subject to the jurisdiction and venue of the Eightieth Judicial District Court.

7. This court has jurisdiction of this matter pursuant to Statutes § 13-1-124 or otherwise under Colorado Statutes and law.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

8. Plaintiff issued an insurance policy to the Insured for property damage and other casualties (the "Policy").

9. At all times relevant herein, the Insured owned and operated a country club located at 17 Airway Lane, Littleton, Colorado (the "Property").

10. Upon information and belief, Defendants distributed, marketed, sold, assembled, designed, installed, manufactured and/or otherwise placed into the stream of commerce, an E-Z-GO electric golf cart (the "Golf Cart") for use by consumers.

11. It was intended by Defendants, and reasonably foreseeable, that the Golf Cart would enter into and be used within the State of Colorado, County of Arapahoe.

12. On or about August 25, 2016, a fire originated within the Golf Cart located at the Property (the "Fire").

13. The Fire originated at or near the Golf Cart's battery and power converter.

14. Defendants designed and manufactured the Golf Cart, including selecting and installing all component parts, before placing the Golf Cart into the stream of commerce.

15. Defendants are engaged in the business of selling golf carts and were the principle distributer or seller of the Golf Cart.

16. The Golf Cart reached the consumer without substantial change in the condition in which it was sold.

17. The Fire caused substantial damage to the Property and the Insured.

18. The Insured has suffered a loss for which Defendants, and each of them, are liable because Defendants are legally responsible for the harms alleged herein. The Insured has an existing, assignable cause of action against Defendants, and each of them, which action it could have asserted on its own behalf had it not been compensated for the loss by Plaintiff, and Plaintiff has compensated them for the same loss for which Defendants are liable, which compensation was not voluntary, but a contractual obligation pursuant to the Policy.

19. As a result of providing coverage under the Policy, Plaintiff incurred money damages when it compensated its Insured and incurred other expenses, all in an amount to be proven at trial. Such damages and expenses should, in equity, be borne by Defendants, and each of them, whose equitable positions are inferior to Plaintiff's.

20. Plaintiff is subrogated to the rights of the Insured pursuant to the terms of the Policy, and also pursuant to the rules of equitable subrogation.

21. Pursuant to its Policy of insurance, law and equity, and to the extent of its payments to and on behalf of Insured related to the loss, Plaintiff is subrogated to the rights of Insured against those persons and entities legally responsible for the loss, including the Defendants.

22. In addition to the amounts paid out under the Policy, Plaintiff seeks recovery of prejudgment interest on to the extent allowed pursuant to Colorado law, including Colorado Revised Statute § 5-12-102.

### FIRST CAUSE OF ACTION
#### (Negligence)
#### (As to Textron and DOES I-X)

23. Plaintiff realleges and incorporates by reference each and every allegation above as though fully set forth herein.

24. Defendants, and each of them, owed a duty to exercise reasonable care in designing, manufacturing, and assembling the Golf Cart, and its component parts, so not to cause damage to person or property.

25. Defendants, and each of them, owed a duty to exercise reasonable care in selecting and inspecting the Golf Cart, and its component parts, before placing the Golf Cart into the stream of commerce.

26. Defendants, and each of them, owed a duty to exercise reasonable care in confirming that the Golf Cart, and its component parts, complied with industry and safety standards before placing the Golf Cart into the stream of commerce.

27. Defendants, and each of them, owed a duty of care to distribute, market, sell, assemble, design, install, inspect manufacture and/or otherwise place into the stream of commerce products that were safe and free of defect, such that they were fit for ordinary use and posed no danger to persons or property of the consumer.

28. Defendants, and each of them, breached these duties thereby causing the damages alleged in this Complaint.

29. Upon information and belief, Defendants, and each of them, breached their duty of care because the Golf Cart that was distributed, marketed, sold, designed, assembled/installed, manufactured and/or otherwise placed into the stream of commerce by Defendants were carelessly, negligently, and/or recklessly distributed, marketed, sold, designed, assembled/installed, manufactured and/or otherwise improperly placed into the stream of commerce, and resulted in the Fire as described in this Complaint.

30. The carelessness, negligence, and/or recklessness of Defendants, and each of them, was the direct and proximate cause of the damages and Fire to the Insured, and as a result of providing coverage under the Policy, Plaintiff incurred the damages alleged herein.

31. As a direct and proximate result of the negligence of Defendants, and each of them, the Insured suffered damage to its real property, business personal property and business, and as a result of providing coverage under the Policy, Plaintiff has incurred monetary damages alleged herein, and to be proven at trial, but in no event less than $1,450,204.15.

32. Plaintiff is entitled to judgment against Defendants, and each of them, for the damages caused by Defendants' negligence.

### SECOND CAUSE OF ACTION
### (Strict Products Liability)
### (As to Textron and DOES I-X)

33. Plaintiff realleges and incorporates by reference each and every allegation above as though fully set forth herein.

34. Upon information and belief, Defendants distributed, marketed, sold, designed, installed, manufactured, supplied, warranted, and/or placed into the stream of commerce defective rail car.

35. Upon information and belief, the Golf Cart was defective in its distribution, marketing, design, manufacture, assembly/installation, and/or did not include adequate instructions or warnings of potential hazard or failure modes, or all of the preceding, when it left Defendant's control, making it unreasonably dangerous for the purpose for which it was intended to be used.

36. Upon information and belief, due to the alleged defects, the Golf Cart caught fire and damaged the Property.

37. At all relevant times herein, the Golf Cart was being used in a foreseeable manner and for its intended purpose.

38. As a direct and proximate cause of the defects in the Golf Cart, the Insured suffered damage and Fire, for which Defendants are strictly liable.

39. As a result of providing coverage to the Insured for the Fire, Plaintiff is entitled to judgment against Defendants, for the damages caused by the defective Golf Cart.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

A. Compensatory and consequential damages, in an amount not less than $1,450,204.15;

B. For prejudgment and post judgment interest, per C.R.S. §§ 5-12-101, 5-12-102;

C. For attorneys' fees and costs of suit incurred herein, as allowed by law; and

D. For any additional relief as the Court deems just and proper.

Respectfully submitted this 18th day of June, 2018.

BAUMAN LOEWE WITT & MAXWELL, PLLC

Kenneth W. Maxwell
8765 East Bell Road, Suite 210
Scottsdale, Arizona  85260
Tel: 480-502-4664 / Fax: 480-502-4774
*Counsel for Plaintiff*