**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  18-cv-1730-REB-SKC

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation, individually
and as subrogee of its insured, Columbine Country Club

     Plaintiff,

v.

TEXTRON SPECIALIZED VEHICLES, INC., a Delaware corporation;
TEXTRON INC., a Delaware corporation; and
DOES I – X, inclusive,

     Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

     The parties, by and through their respective counsel, hereby submit this Stipulated Protective Order and state as follows:

     Textron Specialized Vehicles, Inc. and Textron Inc. possess certain information and documents or other material that are confidential or contain sensitive financial data, technical information, trade secrets, proprietary or nonpublic commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information that may be subject to discovery in this action, but that should not be made publicly available. Good cause exists for entry of this Stipulated Protective Order pursuant to Federal Rules of Civil Procedure 26(c) and 29. To facilitate the production

and receipt of information during discovery, the parties stipulate, subject to the approval of this Court, to the entry of this Stipulated Protective Order as follows:

1. This Protective Order shall govern all information and documents designated as Confidential, Trade Secret, or Subject to Protective Order (collectively "Confidential"). A Confidential designation may be made when a party reasonably and in good faith believes that documents or other materials, after first being reviewed by the party's counsel, are confidential or contain sensitive financial data, technical information, trade secrets, proprietary or nonpublic commercial information, information involving privacy interests, or other commercially and/or competitively sensitive information of a nonpublic nature. An entire document or item may be designated as Confidential if any part of it contains Confidential information, unless the Producing Party elects to designate only portions of the document or material. Confidential information shall not be used or disclosed for any purpose except the preparation and trial of this case, and Confidential information shall not be disclosed to anyone except as expressly set forth herein.

2. Documents or other materials shall be designated as Confidential and subject to this Order by placing a marking on the document or other material in a manner which will not interfere with its legibility, indicating that said document is Confidential. The documents or other materials will not require additional marking or designation in order to be subject to this Stipulated Protective Order.

3. This Protective Order shall apply to and govern all documents and information designated as Confidential whether or not such documents or information are informally produced or produced in response to a formal discovery request. The parties

may designate responses to discovery requests, deposition transcripts, and exhibits as Confidential and protected by this Order. With respect to deposition testimony and exhibits, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony and/or exhibits shall be subject to the full protection of this Order. In the case of testimony and/or exhibits not so designated during the course of a deposition, counsel may, within thirty (30) days of receiving a transcript of the deposition, notify the parties that the deposition testimony and/or exhibits contains Confidential material, in which case the testimony and/or exhibits shall be subject to the full protections of this Order. Certain depositions may, in their entirety, be designated Confidential prior to being taken because of the anticipated testimony.

4. Nothing in this Protective Order eliminates the parties' obligations to comply with D.C.Colo.LCivR 7.2 regarding public access to documents and proceedings. In the event that any party seeks to file a motion, pleading, or other document with the Court that contains or attaches Confidential documents or materials, the party shall confer with the other parties and file a Motion to Restrict Access in accordance with D.C.Colo.LCivR 7.2.

5. No portion of any documents or materials designated Confidential shall otherwise be disclosed except upon Court order for good cause shown or upon the written authorization of the designating party.

6. Within 60 days after the conclusion of all aspects of this action, documents marked Confidential in accordance with this Order and all copies thereof shall be destroyed or returned to counsel for the producing party. The party complying with this

provision shall notify the producing party, in writing, that it destroyed or returned Confidential documents or materials received from the producing party.

7. Except as otherwise directed by this Court, the documents and information designated as Confidential shall be revealed only to:

    A. parties in this action;

    B. counsel of record for the parties in this action;

    C. the parties' experts or consultants retained in connection with this action;

    D. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    E. deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document;

    F. the Court, Court personnel, and any mediators or other persons utilized for dispute resolution purposes; and

    G. jurors and Court personnel at trial.

8. With the exception of persons identified in subparts (F) and (G) of paragraph 7, no person shall be provided access to Confidential documents or materials unless such individual has (a) read this Order and (b) completed and signed the affidavit provided. No person entitled to access Confidential documents or materials shall discuss the contents of any such documents and materials with any other individual, except those individuals who also have access pursuant to this Order.

9.     Each person who reviews or inspects Confidential documents or materials pursuant to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power, by signing a copy of the attached affidavit. Each person's signature shall be notarized by an officer of a competent jurisdiction.

10.    Counsel for all parties shall maintain a list of the names of all persons, including all experts, who inspect or review Confidential documents or who receive any copies of such Confidential documents pursuant to this Order and shall make the list available to any other counsel at the conclusion of this litigation.

11.    The documents and materials produced pursuant to the terms of this Order shall be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose.

12.    Following termination of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall remain in full force and effect. This Court retains jurisdiction over all persons provided access to Confidential documents or materials with respect to enforcement of the terms of this Order. Within seven (7) days of the final determination of this action, counsel of record who has provided information designated Confidential to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation.

13.    Either party may seek a court order or other protection for Confidential information during a trial or other proceeding, including but not limited to restricting access to trial records, requiring Confidential information be reviewed *in camera* only, or requiring

the Confidential information to be heard in closed court. In the event a party wishes to utilize or reference Confidential information at a trial or other proceeding, prior notice must be provided so that the opposing party may seek appropriate protection from the Court, if necessary. In the event the Court grants an order preserving and protecting the confidentiality of any Confidential information during trial proceedings, said Confidential information does not lose its Confidential protections, as set forth in this Order, after the entry of judgment unless the Court so orders.

14. Neither this Order nor the designation of any item as Confidential shall be construed as an admission that such material, or any testimony in respect to such material in a deposition or otherwise, is admissible in evidence in this litigation or in any other proceeding. This Protective Order does not, of itself, require the production of any documents or other materials.

15. Nothing in this Order shall be deemed a waiver of any party's rights to oppose discovery on any grounds or to object on any ground to the admission of any evidence at trial.

16. Violation by any person of any provision of this Protective Order shall be punishable as contempt of Court. The party that invoked the Confidential designation may pursue any and all civil remedies available to it for breach of the terms of this Order.

17. A party may object to any Confidential designation by giving written notice to the party designating the disputed information within 30 days of when the designation was made. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the

notice is received, the party objecting to the Confidential designation may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion.

      18. The inadvertent production of any information without it being properly designated as Confidential shall not be deemed to waive any claim of confidentiality with respect to such information. In addition, the inadvertent production or disclosure of an attorney-client privileged, attorney work product, or other protected document or information, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If a producing party, through inadvertence, produces any Confidential information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed Confidential and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such information as Confidential in accordance with the notice from the date such notice is received. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the

destruction to the producer of the information within three (3) days of receipt of the properly designated documents.

19.     Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated Confidential shall be treated at trial.

Dated this 3rd day of October, 2018

BY THE COURT:

*(signature)*

The Honorable S. Kato Crews
United States Magistrate Judge

Respectfully submitted this 3rd day of October, 2018.

**BAUMAN LOEWE WITT & MAXWELL, PLCC**

*S/ Christopher J. Brennan*
Christopher J. Brennan
8765 E. Bell Road, Suite 210
Scottsdale, AZ 85260
Phone: (480) 502-4664
E-mail: cbrennan@blwmlawfirm.com

*Attorney for Plaintiff Philadelphia Indemnity Insurance Company*

**WELLS, ANDERSON & RACE, LLC**

*S/ Adam P. O'Brien*
Adam P. O'Brien
William D. Healy
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
aobrien@warllc.com; whealy@warllc.com

*Attorneys for Defendants, Textron Specialized Vehicles, Inc. and Textron Inc.*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-1730-REB-SKC

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation, individually
and as subrogee of its insured, Columbine Country Club

    Plaintiff,

v.

TEXTRON SPECIALIZED VEHICLES, INC., a Delaware corporation;
TEXTRON INC., a Delaware corporation; and
DOES I – X, inclusive,

    Defendants.
_____

**AFFIDAVIT PURSUANT TO STIPULATED PROTECTIVE ORDER**
_____

    I, _____, hereby certify my understanding that information designated Confidential, is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered by the Court in the above-captioned action.

    I further certify that I have been provided a copy of and have read the Stipulated Protective Order, and I agree to comply with and be bound by its terms and conditions. I agree that I will comply with paragraph 6's obligations regarding return or destruction of information marked Confidential. I also consent to the jurisdiction of the United Stated District Court for the District of Colorado, for the purposes of enforcing the Stipulated

2

Protective Order. I understand that violation of the Stipulated Protective Order may be punishable upon a finding of contempt by the Court.

Date: _____        Signature: _____

Sworn to before me and subscribed in my presence this ____ day of _____, 2018.

_____
Notary Public


My Commission Expires


_____