**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-01730- REB-SKC

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania corporation,
individually and as subrogee of its insured,
Columbine Country Club

    Plaintiff,

v.

TEXTRON SPECIALIZED VEHICLES, INC.,
a Delaware corporation; TEXTRON INC., a
Delaware corporation; and
DOES I – X, inclusive,

    Defendants/Third-Party Plaintiffs,

v.

CURTIS INSTRUMENTS, INC., a New York
Corporation,

    Third-Party Defendants.

**AMENDED CASE SCHEDULING ORDER**

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

A Telephonic Status Conference will be held on January 22, 2019 at 11:00 a.m. before

Magistrate Judge S. Kato Crews.  It is anticipated that the following attorneys will appear to

represent the parties:

Counsel for Defendants Textron Specialized Vehicles, Inc. and Textron, Inc.:

Adam P. O'Brien

1

William D. Healy
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
E-mail: aobrien@warllc.com; whealy@warllc.com

Counsel for Plaintiff Philadelphia Indemnity Insurance Company:

Christopher J. Brennan
Bauman Loewe Witt & Maxwell, PLLC
8765 E. Bell Road, Suite 210
Scottsdale, AZ 85260
Phone: (480) 502-4664
E-mail: cbrennan@blwmlawfirm.com

Counsel for Third-Party Defendants Curtis Instruments, Inc.:

Brett Godfrey
Lily Nierenberg
Godfrey Johnson, P.C.
9557 S. Kingston Ct.
Englewood, CO 80112
Telephone: (303) 228-0700
E-mail: godfrey@gojolaw.com; nierenberg@gojolaw.com

## 2.  STATEMENT OF JURISDICTION

This Court has original jurisdiction under 28 U.S.C. §1332 because diversity of citizenship exists between Plaintiff, Defendants/Third-Party Plaintiffs, and Third-Party Defendant and the amount of controversy exceeds $75,000.  Philadelphia Indemnity Insurance Company is incorporated in and has its principle place of business in Pennsylvania.  Textron Specialized Vehicles, Inc. is a Delaware corporation with its principle place of business in Georgia. Textron, Inc. is a Delaware corporation with its principle place of business in Rhode Island. Third-Party Defendant Curtis Instruments, Inc. is a New York corporation with its principle place of business in New York.

3147062v1

### 3. STATEMENT OF CLAIMS AND DEFENSES

    a.    Plaintiff(s):

Plaintiff's insured, Columbine Country Club, experienced a fire at its facility on August 25, 2016. The fire caused $1,625,204.15 in damages and Plaintiff has brought negligence and product liability causes of action against the Defendants alleging that a Cushman-branded Shuttle 6 personal transportation vehicle was defective and caused the fire, as more fully alleged in the Complaint.

    b.    Defendants/Third-Party Plaintiffs:

The Textron Defendants deny they are liable for Plaintiff's claims and asserted damages. The Cushman Shuttle 6 was not defective or unreasonably dangerous at the time of sale. The Textron Defendants deny that the Cushman Shuttle 6 was negligently designed, manufactured, or assembled. The Textron Defendants deny that the Cushman Shuttle 6 was defective in its distribution, marketing, design, manufacture, and assembly/installation, and that it did not include adequate instructions or warnings of potential hazard or failure modes. The Textron Defendants incorporate the defenses identified in their Answer.

The Textron Defendants brought third party claims against Third-Party Defendant Curtis Instruments based on Curtis' manufacture of components claimed to be defective by Plaintiff. While the Textron Defendants deny the vehicle or any of its components were defective, in the event Plaintiff's allegations are true, then Curtis is liable for Plaintiff's claimed damages and any damages, costs, or fees incurred by the Textron Defendants.

    c.    Third-Party Defendant:

Curtis Instruments, Inc. denies it is liable for Third-Party Plaintiff's asserted claims and

damages, intends to file a motion seeking to dismiss some or all of the claims against it, and denies that its controller (if actually installed in the subject golf cart) could have caused any fire. Curtis Instruments, Inc.'s Answer is due on February 12, 2019. Curtis Instruments, Inc. incorporates herein all general and specific denials and all defenses and affirmative defenses that will be set forth in its Answer and/or all arguments set forth in its Motion to Dismiss.

### 4.  UNDISPUTED FACTS

The following facts are undisputed by Plaintiff and the Textron Defendants:

1. Columbine Country Club experienced a fire at its property on August 25, 2016.
2. Philadelphia Indemnity Insurance Company insured Columbine County Club at the time of the fire
3. Columbine Country Club made a claim with Plaintiff after the fire.
4. Plaintiff made payments to and on behalf of Columbine Country Club after the fire.
5. Textron Specialized Vehicles manufactured the Cushman branded Shuttle 6 personal transportation vehicle.

Third-Party Defendant Curtis Instruments, Inc. does not admit any of the above facts.

### 5.  COMPUTATION OF DAMAGES

Plaintiff's Calculation:

Plaintiff made payments totaling $1,624,204.15 to its insured Columbine County Club following the August 25, 2016 fire. Plaintiff's damages are economic in nature, consisting of cost to repair the fire-damaged property, damage to business personal property, and loss of use of property. Supporting documentation for each payment is contained with the insurance claim

file and was disclosed pursuant to *Fed. R. Civ. P. 26(a)(1)(A)(iii)*.

Defendants'/Third-Party Plaintiffs' Calculation:

The Textron Defendants are not seeking damages against Plaintiff, except to the extent of any recoverable attorney's fees or costs. The Textron Defendants are seeking damages against Third-Party Defendants Curtis in the form of any damages caused by Curtis and the allegedly defective components, including any damages recovered by Plaintiff against the Textron Defendants and all attorney's fees or costs recoverable under applicable law.

Third-Party Defendant Curtis Instruments, Inc. claims the right to recover all costs and attorney fees available under applicable law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

  a.     Date of Rule 26(f) meeting.

Initial Meeting: August 29, 2018
Supplemental meeting including Third-Party Defendant: January 18, 2019

  b.     Names of each participant and party he/she represented.

Christopher Brennan for Plaintiff Philadelphia Insurance Company;
Adam P. O'Brien for Textron Specialized Vehicles Inc. and Textron Inc.; and
Lily Nierenberg for Curtis Instruments.

  c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Initial Rule 26(a)(1) disclosures were made on September 14, 2018.

Third-Party Defendant Curtis Instruments, Inc. will make its initial disclosures by February 12, 2019.

  d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

See above.

3147062v1

      e.      Statement concerning any agreements to conduct informal discovery:

The parties discussed the possibility of conducting informal discovery, including the exchange of documents and other requested information. Plaintiff and Defendants/Third-Party Plaintiffs will cooperate to share all served and disclosed documents and pleadings with Third-Party Defendant Curtis Instruments Inc. by January 31, 2019.

      f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties shall use a unified system of exhibit numbering in depositions. The parties agree to exchange discovery and exhibits electronically and to Bates-number the documents they produce.

      g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic format.

The parties will work together to address issues of privilege as to computer generated records.

      h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties anticipate further discussions regarding the possibility of settlement following initial disclosures and discovery.

### 7. CONSENT

All parties have <u>not</u> consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each party shall be limited to 10 depositions, exclusive of expert witnesses.

Each party shall be limited to 25 interrogatories to each other party, including discrete subparts.

    b.    Limitations which any party proposes on the length of depositions. Non-party fact witness depositions shall not exceed 4 hours and party depositions shall not exceed one day of 7 hours.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party shall be limited to 25 requests for productions and 35 requests for admission to each other party, excluding any requests for admission regarding the authentication of documents.

    d.    Other Planning or Discovery Orders

This Court issued a Protective Order dated October 3, 2018. Upon acceptance of this Scheduling Order, and without the need for further request, the terms of that Protective Order shall be deemed to govern and protect all parties in this case.

Defendants/Third-Party Plaintiffs Textron Inc. and Textron Specialized Vehicles Inc. shall be considered a single "party" for purposes of this section 8 of the Amended Scheduling Order.

## 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

April 1, 2019

    b.    Discovery Cut-off:

October 1, 2019

   c.      Dispositive Motion Deadline:

October 31, 2019

   d.      Expert Witness Disclosure

        1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff anticipates calling expert witnesses in the following areas:

      Fire Origin and Cause
      Engineering
      Any expert necessary to rebut any expert identified by Defendants.

The Textron Defendants anticipates calling expert witnesses in the following areas:

      Fire Origin and Cause
      Engineering and/or Maintenance
      Any expert necessary to rebut any expert identified by Plaintiff or Third-Party Defendant.

Third-Party Defendant anticipates calling expert witnesses in the following areas:

      Fire Origin and Cause
      Engineering
      Maintenance
      Any expert necessary to rebut any expert identified by another party

        2.      Limitations which the parties propose on the use or number of expert witnesses.

Three retained experts per party, unless additional experts are approved by the Court.

        3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or June 3, 2019.

        4.      The parties shall designate all rebuttal experts and provide opposing

counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 15, 2019.

e. Identification of Persons to Be Deposed:

Plaintiff:

| Deponent | Anticipated Length |
|---|---|
| Textron representatives and employees regarding design, manufacturing, assembly, inspections, testing, and quality control of the product at issue, as well as individuals who investigated the fire. | 4-7 hours each |
| Fire department personnel | 3-4 hours |
| Other facts witnesses identified through discovery | TBD |
| Defendants' expert witnesses | TBD |

The Textron Defendants:

| Deponent | Anticipated Length |
|---|---|
| Individuals who operated or were responsible for maintenance of the Cushman Shuttle 6 | 7 hours |
| Representative of Columbine Country Club | 4-5 hours |
| Representative of Plaintiff or individuals who investigated the August 25, 2016 fire. | TBD |
| Representative of Crawford & Company, Cunning Lindsey U.S., Inc., and /or CCIG | TBD |
| Representative of Hyder Construction, Inc., DCB Construction Company, Inc., and/ or Metallic Building Company | TBD |
| Representative of Enviro Excellence Consulting and Testing or ATC Group Services, LLC | TBD |
| Representative or employees of Curtis Instruments | 4-7 hours |
| Other fact witnesses revealed through discovery | TBD |
| Experts | TBD |

9

3147062v1

Third-Party Defendants:

| Deponent | Anticipated Length |
|---|---|
| Individuals who operated or were responsible for maintenance of the Cushman Shuttle 6 | 7 hours |
| Trexton representatives and employees regarding design, manufacturing, assembly, inspections, testing, and quality control of the product at issue, as well as individuals who investigated the fire. | 4-7 hours each |
| Fire department personnel | 3-4 hours |
| Representative of Plaintiff or individuals who investigated the August 25, 2016 fire. | TBD |
| Representative of Crawford & Company, Cunning Lindsey U.S., Inc., and /or CCIG | TBD |
| Representative of Hyder Construction, Inc., DCB Construction Company, Inc., and/ or Metallic Building Company | TBD |
| Representative of Enviro Excellence Consulting and Testing or ATC Group Services, LLC | TBD |
| Other fact witnesses revealed through discovery | TBD |
| Any Expert endorsed by Plaintiff or Third-Party Plaintiff | TBD |

    f.    Deadline for Interrogatories:

August 16, 2019

    g.    Deadline for Requests for Production of Documents and/or Admissions

August 16, 2019

## 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times: _____.

    b.    A final pretrial conference will be held in this case on _____ at

o'clock \_\_\_\_\_ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

6 to 7 day jury trial. Jury trial is set to commence on _____ at \_\_\_\_\_ a.m.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order shall be amended only upon a showing of good cause.

3147062v1

DATED at Denver, Colorado, this _____ day of _____, 2019.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/ Christopher J. Brennan* | *s/ Adam P. O'Brien* |
| Christopher J. Brennan | Adam P. O'Brien |
| Bauman Loewe Witt & Maxwell, PLLC | William. D. Healy |
| 8765 E. Bell Road, Suite 210 | Wells, Anderson & Race, LLC |
| Scottsdale, AZ 85260 | 1700 Broadway, Suite 1020 |
| Tel.: 503-446-3373 | Denver, CO 80290 |
| Email: cbrennan@blwmlawfirm.com | Tel: 303-830-1212 |
| | Email: aobrien@warllc.com; whealy@warllc.com |
| Attorney for Plaintiff Philadelphia Indemnity Insurance Company | Attorney for Defendants Textron Specialized Vehicles, Inc. and Textron Inc. |

APPROVED:

*s/ Lily Nierenberg*
Brett Godfrey
Lily Nierenberg
Godfrey Johnson, P.C.
9557 S. Kingston Ct.
Englewood, CO 80112
Telephone: (303) 228-0700
E-mail: godfrey@gojolaw.com; nierenberg@gojolaw.com

Attorney for Third-Party Defendant Curtis Instruments, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2018, I electronically filed the foregoing **SCHEDULING ORDER** with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following counsel:

Adam P. O'Brien
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO  80290
Telephone:  (303) 830-1212
E-mail:  aobrien@warllc.com
  *Attorneys for Defendants*


*s/ Christine  Coito*
Christine Coito
E-mail:  ccoito@blwmlawfirm.com