**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-1730-REB-SKC

PHILADELPHIA INDEMNITY INSURANCE COMPANY,
a Pennsylvania corporation, individually and as subrogee
of its insured, Columbine Country Club,

    Plaintiff,

v.

TEXTRON SPECIALIZED VEHICLES INC., a Delaware corporation;
TEXTRON INC., a Delaware Corporation; and
DOES I-X, inclusive,

    Defendants/Third-Party Plaintiffs,

v.

CURTIS INSTRUMENTS, INC., a New York Corporation,

    Third-Party Defendant.

## ANSWER TO THIRD-PARTY COMPLAINT AND JURY DEMAND

Curtis Instruments, Inc. ("Curtis"), by and through its undersigned attorneys, GODFREY | JOHNSON, P.C., hereby answers the Third-Party Complaint and Jury Demand (ECF no. 36) ("Third-Party Complaint"), as follows:

### PARTIES

1.    Curtis admits the allegations contained in ¶ 1 of the Third-Party Complaint.

2.    Curtis admits the allegations contained in ¶ 2 of the Third-Party Complaint.

3.    Curtis admits the allegations contained in ¶ 3 of the Third-Party Complaint.

4.     Curtis admits that Plaintiff has made the allegations listed in ¶ 4 of the Third-Party Complaint. Curtis denies any other allegations contained in ¶ 4 of the Third-Party Complaint.

5.     Curtis admits that it is the manufacturer of vehicle products and components as alleged in ¶ 5 of the Third-Party Complaint. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in ¶ 5 of the Third-Party Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

6.     Curtis admits that this Court has diversity jurisdiction and that Plaintiff seeks recovery of $1,450,204.15, plus interest and attorney's fees as alleged in ¶ 6 of the Third-Party Complaint. Curtis denies any other allegations contained in ¶ 6 of the Third-Party Complaint.

7.     Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 7 of the Third-Party Complaint, and therefore denies the same.

8.     Curtis admits the allegations contained in ¶ 8 of the Third-Party Complaint.

9.     Curtis denies the allegations contained in ¶ 9 of the Third-Party Complaint.

10.    Curtis admits the allegations contained in ¶ 10 of the Third-Party Complaint.

11.    Curtis denies the allegations contained in ¶ 11 of the Third-Party Complaint.

12.    Curtis admits that venue is appropriate in this district as alleged in ¶ 12 of the Third-Party Complaint. Curtis lacks sufficient knowledge or information to form a belief as to the

truth of the remaining allegations contained in ¶ 12 of the Third-Party Complaint, and therefore denies the same.

## GENERAL ALLEGATIONS

13. Curtis admits the allegations contained in ¶ 13 of the Third-Party Complaint.

14. Curtis admits the allegations contained in ¶ 14 of the Third-Party Complaint.

15. Curtis admits the allegations contained in ¶ 15 of the Third-Party Complaint.

16. Curtis admits that Plaintiff has made the allegations listed in ¶ 16 of the Third-Party Complaint. Curtis denies any other allegations contained in ¶ 16 of the Third-Party Complaint.

17. Curtis admits that Plaintiff has made the allegations listed in ¶ 17 of the Third-Party Complaint. Curtis denies any other allegations contained in ¶ 17 of the Third-Party Complaint.

18. Curtis admits that Plaintiff has made the allegations listed in ¶ 18 of the Third-Party Complaint. Curtis denies any other allegations contained in ¶ 18 of the Third-Party Complaint.

19. Curtis admits that Plaintiff has made the allegations listed in ¶ 19 of the Third-Party Complaint. Curtis denies any other allegations contained in ¶ 19 of the Third-Party Complaint.

20. Curtis admits that Plaintiff has made the allegations listed in ¶ 20 of the Third-Party Complaint. Curtis denies any other allegations contained in ¶ 20 of the Third-Party Complaint.

21.     Curtis admits that Third-Party Plaintiffs have denied that the vehicle or any of its components were defective or unreasonably dangerous or caused the fire as alleged in ¶ 21 of the Third-Party Complaint. Curtis denies any other allegations contained in ¶ 21 of the Third-Party Complaint.

22.     Curtis admits that Third-Party Plaintiffs have made the allegations listed in ¶ 22 of the Third-Party Complaint. Curtis denies any other allegations contained in ¶ 22 of the Third-Party Complaint.

23.     Curtis denies the allegations contained in ¶ 23 of the Third-Party Complaint.

**FIRST CAUSE OF ACTION**
**(Negligence)**

24.     Curtis restates and incorporates in their entirety all other responses herein.

25.     Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 25 of the Third-Party Complaint, and therefore denies the same.

26.     Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 26 of the Third-Party Complaint, and therefore denies the same.

27.     Curtis admits that it owes a duty to exercise reasonable care in the design, manufacture, assembly, inspection, sale, and distribution of controllers as alleged in ¶ 27 of the Third-Party Complaint. Curtis denies the other allegations contained in ¶ 27 of the Third-Party Complaint.

28.     Curtis admits that it owes a duty to exercise reasonable care to ensure its controllers and component parts are safe and free of defect and fit for use as alleged in ¶

28 of the Third-Party Complaint. Curtis denies the other allegations contained in ¶ 28 of the Third-Party Complaint.

29. Curtis denies the allegations contained in ¶ 29 of the Third-Party Complaint.

30. Curtis denies the allegations contained in ¶ 30 of the Third-Party Complaint.

31. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 31 of the Third-Party Complaint, and therefore denies the same.

32. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 32 of the Third-Party Complaint, and therefore denies the same.

33. Curtis denies the allegations contained in ¶ 33 of the Third-Party Complaint.

34. Curtis denies the allegations contained in ¶ 34 of the Third-Party Complaint.

35. Curtis denies the allegations contained in ¶ 35 of the Third-Party Complaint.

36. Curtis denies the allegations contained in ¶ 36 of the Third-Party Complaint.

**SECOND CAUSE OF ACTION**
**(Strict Products Liability)**

37. Curtis restates and incorporates in their entirety all other responses herein.

38. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 38 of the Third-Party Complaint, and therefore denies the same.

39. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 39 of the Third-Party Complaint, and therefore denies the same.

40. Curtis denies the allegations contained in ¶ 40 of the Third-Party Complaint.

41. Curtis denies the allegations contained in ¶ 41 of the Third-Party Complaint.

42. Curtis denies the allegations contained in ¶ 42 of the Third-Party Complaint.

43. Curtis denies the allegations contained in ¶ 43 of the Third-Party Complaint.

44. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 44 of the Third-Party Complaint, and therefore denies the same.

45. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 45 of the Third-Party Complaint, and therefore denies the same.

46. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 46 of the Third-Party Complaint, and therefore denies the same.

47. Curtis denies the allegations contained in ¶ 47 of the Third-Party Complaint.

48. Curtis denies the allegations contained in ¶ 48 of the Third-Party Complaint.

**THIRD CAUSE OF ACTION**
**(Contribution)**

49. Curtis restates and incorporates in their entirety all other responses herein.

50. Curtis denies the allegations contained in ¶ 50 of the Third-Party Complaint.

51. Curtis denies the allegations contained in ¶ 51 of the Third-Party Complaint.

52. Curtis denies the allegations contained in ¶ 52 of the Third-Party Complaint.

**FOURTH CAUSE OF ACTION**
**(Breach of Implied Warranty)**

53. Curtis restates and incorporates in their entirety all other responses herein.

54. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 54 of the Third-Party Complaint, and therefore denies the same.

55. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 55 of the Third-Party Complaint, and therefore denies the same.

56. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 56 of the Third-Party Complaint, and therefore denies the same.

57. Curtis lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 57 of the Third-Party Complaint, and therefore denies the same.

58. Curtis denies the allegations contained in ¶ 58 of the Third-Party Complaint.

59. Curtis denies the allegations contained in ¶ 59 of the Third-Party Complaint.

60. Curtis denies the allegations contained in ¶ 60 of the Third-Party Complaint.

61. Curtis denies the allegations contained in ¶ 61 of the Third-Party Complaint.

62. Curtis denies the allegations contained in ¶ 62 of the Third-Party Complaint.

63. Curtis denies the allegations contained in ¶ 63 of the Third-Party Complaint.

64. Curtis denies the allegations contained in ¶ 64 of the Third-Party Complaint.

## **GENERAL DENIAL**

Any allegation not specifically admitted herein is denied.

## **AFFIRMATIVE DEFENSES**

1. Third-Party Plaintiffs fail to state a claim upon which relief may be granted as to one or more claims.

2. Third-Party Plaintiffs failed to plead sufficient facts regarding its claims.

3. Third-Party Plaintiffs' claims are barred due to the applicable statutes of limitation.

4. Third-Party Plaintiffs' claims may be barred by the applicable statute of repose.

5. Third-Party Plaintiffs' claims are barred because Third-Party Plaintiffs are not the real party in action.

6. Third-Party Plaintiffs' claims are barred because Third-Party Plaintiffs did not suffer injury.

7. Third-Party Plaintiffs' claims are barred because Third-Party Plaintiffs are not an injured consumer under Colorado's products liability statute.

8. Third-Party Plaintiffs' claims are barred because Third-Party Plaintiffs seek damages for only economic loss.

9. Third-Party Plaintiffs' claims are barred by the economic loss rule.

10. Third-Party Plaintiffs' claims may be barred by a contract between the parties.

11. Third-Party Plaintiffs' claims may be barred by an agreement to arbitrate between the parties.

12. Third-Party Plaintiffs' claims may be barred by the doctrine of waiver.

13. Third-Party Plaintiffs' claims may be barred by disclaimer, exclusion, or modification of warranties.

14. Third-Party Plaintiffs' claims are barred by lack of timely notice.

15. Third-Party Plaintiffs' claims are barred because Third-Party Plaintiffs had equal knowledge of the suitability of Curtis's products for a particular purpose.

16. Third-Party Plaintiffs' claims may be barred due to spoliation of evidence.

17. Third-Party Plaintiffs' claims are barred due to Curtis's compliance with industry standards.

18. Third-Party Plaintiffs' claims are barred because Curtis's product was not defective.

19. Third-Party Plaintiffs' claims are barred because Curtis's product was not unreasonably dangerous.

20. Third-Party Plaintiffs' claims are barred because Curtis's product contained adequate warnings.

21. Third-Party Plaintiffs' claims may be barred due to a substantial change from the condition in which the product was sold.

22. Third-Party Plaintiffs' claims may be barred due to a defect in the completed system that occurred after Curtis's product left the manufacturer.

23. Third-Party Plaintiffs' claims may be barred due to misuse of the product.

24. Third-Party Plaintiffs' claims may be barred because of dangers that were not known or knowable to Curtis at the time of manufacture and distribution.

25. Third-Party Plaintiffs' claims may be barred due to the voluntary and unreasonable use of a defective product with knowledge of the specific danger.

26. Third-Party Plaintiffs' claims may be barred by an intervening cause that was not foreseeable to Curtis.

27. Third-Party Plaintiffs' claims may be barred by its relative degree of fault.

28. Third-Party Plaintiffs' claims may be barred by Plaintiff's relative degree of fault.

29. Third-Party Plaintiffs may have failed to join necessary parties to the action.

30. Third-Party Plaintiffs' claims may be barred by the liability of non-parties to the action.

31. Third-Party Plaintiffs' claim for contribution is barred as premature.

32. Third-Party Plaintiffs' claim for contribution is barred because Plaintiff has not brought tort claims against Curtis.

33. Third-Party Plaintiffs' claim for contribution is barred because any claim by Plaintiff against Curtis is barred by the applicable statute of limitation.

34. Third-Party Plaintiffs may have failed to mitigate their damages.

35. Third-Party Plaintiffs' claim for pre-judgment interest is unsupported by law.

36. Third-Party Plaintiffs' claim for attorney fees is unsupported by law.

37. Curtis reserves the right to add and/or assert additional defenses, which may become known through the course of this action.

## **JURY DEMAND**

Curtis demands a trial to a jury of at least six persons on all issues so triable.

WHEREFORE, Curtis respectfully requests that this Court dismiss the Third-Party Complaint with prejudice, award Curtis costs and reasonable attorney fees as provided by law or agreement, and grant such other and further relief as this Court deems appropriate.

Respectfully submitted this 12th day of February, 2019.

                                                **GODFREY | JOHNSON, P.C.**

                                                *s/ Brett M. Godfrey*
                                                Brett M. Godfrey

                                                *s/ Lily E. Nierenberg*
                                                Lily E. Nierenberg

                                                9557 S. Kingston Court
                                                Englewood, CO 80112
                                                Phone: (303) 228-0700
                                                Fax: (303) 228-0701
                                                Email: godfrey@gojolaw.com
                                                          nierenberg@gojolaw.com

                                                *Counsel for Curtis Instruments, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 12, 2019, a true and correct copy of the foregoing was filed and served via ECF/PACER on all parties of record, as follows:

Christopher James Brennan
Bauman Loewe Witt & Maxwell, PLLC-Portland
cbrennan@blwmlawfirm.com
*Counsel for Plaintiff*

Adam Patrick O'Brien
William Healy
Wells Anderson & Race, LLC
aobrien@warllc.com
whealy@warllc.com
*Counsel for Defendants/Third-Party Plaintiffs*

<u>s/ *Megan Rettig*</u>